**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5131**

———————

UNITED STATES OF AMERICA,

                                Plaintiff - Appellee,

        versus

ROBERT LEE FREEMAN,

                                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (CR-04-156)

———————

Submitted: March 23, 2006          Decided: March 28, 2006

———————

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Barlow Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Lee Freeman pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2000), and two counts of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) (2000). The district court sentenced Freeman to 212 months of imprisonment on each count, to run concurrently. On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but suggests that the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in the guilty plea hearing. Freeman was advised of his right to file a pro se supplemental brief, but he has not filed a brief. We affirm.

Because Freeman did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Before a reviewing court may correct a trial error to which there was no contemporaneous objection, three factors must be shown: (1) there was error, (2) the error was plain, and (3) the error affected substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If these three factors are satisfied, an appellate court should exercise its discretion to

[1]Anders v. California, 386 U.S. 738 (1967).

correct the error when the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). Our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured Freeman's plea was made both knowingly and voluntarily. See United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991). Accordingly, we find Freeman's guilty plea was knowing and voluntary and properly accepted by the district court.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[2] We therefore affirm Freeman's convictions and sentence. This court requires that counsel inform Freeman, in writing, of the right to petition the Supreme Court of the United States for further review. If Freeman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Freeman.

---

[2]We note that the sentence does not violate Freeman's Sixth Amendment rights as articulated in United States v. Booker, 543 U.S. 220 (2005), and that the district court's mandatory treatment of the sentencing guidelines does not require reversal because there is no nonspeculative basis to conclude that such mandatory treatment affected the selection of the sentence imposed. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED